UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JESSE L. MOREHEAD** | **CIVIL ACTION NO. 22-0108** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **UNIDENTIFIED OFFICER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Jesse L. Morehead, a prisoner at Ouachita Parish Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 11, 2022, under 42 U.S.C. § 1983. He names the following defendants: unidentified Motel 6 security officers and three unidentified Ouachita Parish police officers. For reasons that follow, the Court should stay Plaintiff's excessive force claims and dismiss Plaintiff's claim that an ambulance struck him.

### Background

Plaintiff claims that on January 10, 2021, at Studio 6 Motel in Monroe, Louisiana, unidentified officers with the "Ouachita Parish Police" ran over him and then shot him in the leg "in front of the entrance of the motel . . . ." [doc. #s 1, p. 3; 8]. He claims that officers and motel security personnel assaulted him in front of the motel lobby. [doc. # 8]. Plaintiff was unarmed. [doc. #s 1, p. 3; 8]. He maintains that he did not resist arrest and that he was asking for help because he was being assaulted. [doc. # 8].

Plaintiff also claims that he was "run over by an ambulance in front of the lobby of Studio 6." [doc. # 8].

Plaintiff was transported to a hospital and placed in intensive care. *Id.*

Plaintiff asserts that the State charged him with assaulting a police officer and assaulting

ambulance personnel. *Id.* His charges are pending. *Id.*

Plaintiff seeks $10,000,000.00 for his pain, suffering, and trauma.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[1] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is

---

[1] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. *Heck v. Humphrey* and *Wallace v. Kato***

As above, Plaintiff claims that officers shot him in the leg and that both officers and hotel security members assaulted him. While Plaintiff states that defendants assaulted him (i.e. only threatened or attempted a battery and did not contact him or use force),[2] it appears that he actually means defendants beat him, utilizing excessive force. In addition to his claim that an ambulance hit him, Plaintiff also suggests that police officers hit him with a vehicle. [doc. # 1, p. 3]. Plaintiff maintains that he was unarmed, did not resist arrest, and asked for help because he was being assaulted.

The undersigned instructed Plaintiff to identify any crimes with which he was charged arising out of his January 10, 2021 encounter with the defendants. Plaintiff responded that he has pending charges of assaulting a police officer and assaulting ambulance personnel. *Id.* The District Attorney for the Fourth Judicial District, Ouachita Parish, however, informed the undersigned that the State charged Plaintiff with aggravated battery and battery of a healthcare or

---

[2] *See Williams v. Andrus*, 2011-239 (La. App. 3 Cir. 10/5/11), *writ denied,* 2011-2464 (La. 1/20/12) ("In the civil context . . . assault is generally defined as the 'threat of a battery.' Battery is defined as '[a] harmful or offensive contact with a person."); *compare* LA. REV. STAT. § 14:36 ("Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery."), *with* LA. REV. STAT. § 14:33 ("Battery is the intentional use of force or violence upon the person of another[.]").

4

emergency room professional following his January 10, 2021 arrest.[3]

If Plaintiff is convicted of the pending charges (either assault on a police officer, assault on ambulance personnel, aggravated battery, or battery of a healthcare or emergency room professional), he may not be entitled to seek relief for his excessive force claims until any convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

While the rule in *Heck* does not extend to pending criminal matters, successful claims under Plaintiff's allegations *could* necessarily imply the invalidity of any future conviction. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

To explain, Plaintiff does not conceptually or temporally distinguish the factual bases of his charges from the bases of his claims.[4] He suggests that he did nothing wrong: that he did not pose a threat, that he was unarmed and compliant, that he was only seeking help, and that therefore he did not commit an assault or battery. If he prevails on his excessive force claims—

---

[3] TELEPHONE CALL TO DISTRICT ATTORNEY, FOURTH JUDICIAL DISTRICT, OUACHITA PARISH (March 16, 2022).

[4] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

by establishing, *inter alia*, that he was unarmed, compliant, and not posing a threat—the ruling here could necessarily imply that he did not commit an assault or battery (i.e. it would imply the invalidity of a future conviction for assault or battery). *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007) (finding that because the plaintiff claimed he did nothing wrong, his excessive force claim was barred by *Heck*; the claim would necessarily imply the invalidity of his conviction of aggravated assault on an officer). Otherwise stated, the excessive force claims could constitute a collateral attack on the validity of any future conviction.

Successful excessive force claims could imply the invalidity of a future conviction for another reason. Under LA. REV. STAT. § 14:18(7), "The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed . . . [w]hen the offender's conduct is in defense of persons or of property under any of the circumstances described in Articles 19 through 22." Under Article 19, "The use of force or violence upon the person of another is justifiable . . . [w]hen committed for the purpose of preventing a forcible offense against the person . . . , provided that the force or violence used must be reasonable and apparently necessary to prevent such offense." LA. REV. STAT. § 14:19(A)(1)(a). Here, for instance, if Plaintiff proved that the officers used excessive force before he used any force or violence, he would essentially prove that his actions (if any) following the excessive force amounted to justifiable self-defense, thus undermining any conviction.[5]

---

[5] In *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996), the Fifth Circuit held that a Louisiana conviction for battery of an officer—a crime for which justification is an affirmative defense—prevented the plaintiff from suing for excessive force in connection with the incident. The court reasoned that "if the plaintiff proved his excessive force claim, he would essentially be proving that his battery was justified, which would undermine his conviction." *Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004) (discussing *Hudson*). Similarly, in *Arnold*, 100 F. App'x at 323, the court reasoned: "[C]ertain convictions will prevent a plaintiff from bringing

The same result obtains to the extent Plaintiff actually claims assault under state law (rather than excessive force under federal law). To reiterate, Plaintiff does not conceptually or temporally distinguish the factual bases of his charges from the bases of his claims. In *Price v. City of Bossier*, 841 F. App'x 650, 654 (5th Cir. 2021), for example, the court reasoned:

> Price's amended complaint re-asserts his state law claims against the officers but fails to add any additional factual allegations. These torts—assault, abuse of process, intentional infliction of emotional distress, false arrest, false imprisonment, negligence, gross negligence, and other 'intentional torts'—all stem from Price's arrest. Louisiana applies the *Heck* rationale to state law tort claims. . . . As with the excessive force claim, so these state law claims imply the invalidity of the underlying conviction. Since Price has failed to distinguish these torts from the factual basis for the battery conviction, they are inseparable and *Heck*-barred.

Federal courts should stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. *See Kato*, 549 U.S. at 393-94. Critically, "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended." *Id.* (emphasis added); *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (opining that courts *should* stay proceedings "until the pending criminal case has run its course . . . .").

Here, Plaintiff's claims are *related to* rulings that will likely be made concerning his pending charges. Accordingly, the Court should stay these claims pending the outcome of

---

an excessive force claim. For example, we have held that a Texas conviction for aggravated assault on a police officer bars claims for excessive force related to the same conduct. . . . Texas law permits an officer to use any force-even deadly force-to protect against an aggravated assault. *Sappington,* 195 F.3d at 237. Because any force was justified in response to an assault, a finding that the officers used excessive force would necessarily mean that the plaintiff had not committed aggravated assault."

7

Plaintiff's ongoing criminal prosecution.[6, 7]

### 3. Conclusory Claim

Plaintiff claims that he was "run over by an ambulance in front of the lobby of Studio 6." [doc. # 8]. He does not, however, identify a responsible defendant. He does not name any ambulance personnel as defendants, and he does not allege that any named defendant drove the ambulance or otherwise caused the ambulance to strike him. The Court should dismiss this claim.

### **Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Jesse L. Morehead's claim that he was "run over by an ambulance" be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **STAYED** under the following conditions:

> a. If Plaintiff intends to proceed with these claims, he must, within thirty (30) days of the date the criminal proceedings against him conclude, file a motion to lift the stay;

---

[6] *See Mackey*, 47 F.3d at 746 ("At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. . . . The court [should] stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("[I]f some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay . . . .").

[7] Because the Court should stay Plaintiff's claims, including his claims against the motel security personnel, the undersigned offers no opinion at this time on whether the security personnel are state actors. *See generally Walter v. Horseshoe Ent.*, 483 F. App'x 884, 886 (5th Cir. 2012) (noting that "employees of private enterprises are not generally considered to be state actors" but declining to reach "the question of whether the Horseshoe security staff should be considered state actors for the purposes of § 1983" because the claims were "in any event barred" under *Heck v. Humphrey*).

b. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed absent some other bar to suit;

c. Plaintiff should not file any more documents concerning these particular claims (other than an objection to this Report and Recommendation if he chooses) in this action until the state court proceedings conclude; and

d. Defendants shall not be required to answer these claims during the stay, and Plaintiff may not seek a default judgment or conduct any discovery during the stay.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 21st day of March, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge